**PUBLISH**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
04/19/99
THOMAS  K. KAHN
CLERK

No. 97-5696

D.C. Docket No. 97-59-CV-JAL

FOLIAGE FOREST, INC., a Florida Corporation,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a Dupont, CRAWFORD
& COMPANY, a Georgia Corporation,

Defendants-Appellees.

--------------------------------------------------------------------------------

No. 97-5697

D.C. Docket No. 97-60-CV-JAL

COUNTRY JOE'S NURSERY, INC.,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont,
CRAWFORD & COMPANY,

Defendants-Appellees.

_____

No. 97-5698

_____

D.C. Docket No. 97-61-CV-JAL


CASTLETON GARDENS, INC., a Florida
Corporation,

                                        Plaintiff-Appellant,

     versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont, CRAWFORD
& COMPANY, a Georgia Corporation,

                                        Defendants-Appellees.

----------------------------------------------------------------------------------------

_____

No. 97-5699

_____

D.C. Docket No. 97-64-CV-JAL


PALM BEACH GREENERY, INC., a
Florida Corporation,

                                        Plaintiff-Appellant,

     versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont, CRAWFORD
& COMPANY, a Georgia Corporation,

                                        Defendants-Appellees.

2

MORNINGSTAR NURSERY, INC., a
Florida Corporation,

                                        Plaintiff-Appellant,

        versus

E.I. DUPONT DE NEMOURS AND COMPANY,
a Delaware Corporation d.b.a. Dupont, CRAWFORD
& COMPANY, Georgia Corporation,

                                        Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(April 19, 1999)**

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and RONEY, Senior Circuit
Judge.

PER CURIAM:

        These consolidated cases present similar issues that a panel of this court confronted in

Mazzoni Farms, Inc. v. E.I. Dupont De Nemours & Co., 166 F.3d 1162 (11th Cir. 1999).  The

principal issue is whether a release in a settlement agreement bars a claim that appellee E.I.

Dupont De Nemours (Dupont) fraudulently induced appellants to settle.  As an initial matter,

however, we must decide whether a choice-of-law provision in the settlement agreements that

3

appellants Foliage Forest and Castleton Gardens executed applies to the fraudulent inducement claim. The <u>Mazzoni Farms</u> court certified questions to the Florida Supreme Court regarding the choice-of-law provision and, if the Florida Supreme Court decided that Florida law applies, it also certified the merits question. We consolidate these cases with <u>Mazzoni Farms</u> and certify questions to the Florida Supreme Court. As we have nothing to add to the discussion presented in <u>Mazzoni Farms</u>, we provide a brief set of facts concerning the parties in the case at bar.

**FACTS**

Appellants are commercial plant nurseries who alleged that Dupont's Benlate fungicide damaged their plants. Foliage Forest and Castleton Gardens entered into a settlement agreement in May 1994, which provided:

> 1. In consideration of Du Pont's payment of the amount set forth . . . Grower hereby releases Du Pont, et al., from any and all causes of action, claims, demands, actions, obligations, damages, or liability, whether known or unknown, that Grower ever had, now has, or may hereafter have against Du Pont, et al., by reason of any fact of matter whatsoever, existing, or occurring at any time up to and including the date this Release is signed, including the claim presently being asserted.
>
> . . . .
>
> 3. Grower covenants that Grower will not commence, prosecute, or permit to be commenced or prosecuted against Du Pont, et al., any action or other proceedings based upon or in any way related to any causes of action, claims, demands, actions, obligations, damages, or liabilities which are the subject of this Release.
>
> . . . .
>
> 14. This release shall be governed and construed in accordance with the laws of the State of Delaware without giving effect to the conflict of laws or choice of law provisions thereof.

4

Appellants Country Joe's Nursery, Palm Beach Greenery and Morningstar Nursery, however, executed settlement agreements that did not contain the Delaware choice-of-law provision that stated:

> Undersigned . . . does acknowledge and agree . . . to release, acquit and forever discharge E.I. Du Pont de NeMours and Company (Du Pont) . . . from any and all claims, actions, causes of action, including consequential damages, demands, rights, damages, costs, losses, and any other liability or expense of whatsoever kind, which the undersigned or said firm has or may or shall have by reason of the use of or application of DU PONT BENOMYL products . . . .

After entering into this settlement agreement, appellants learned through similar lawsuits involving Dupont and Benlate that Dupont allegedly knew that Benlate had the propensity to destroy plants before the parties executed the settlement agreement. Appellants thereafter sued Dupont in Florida state court, alleging that Dupont fraudulently induced them to settle and claiming that they relied upon Dupont's representations "that DUPONT did not have any evidence that Benlate was capable of causing the damage that Plaintiff alleged and that DUPONT had conducted extensive testing which confirmed that Benlate was not contaminated and would not cause the conditions that Plaintiff was experiencing" in the settlement of their claims. Dupont removed these cases to the federal district court on the basis of diversity of citizenship and then moved for dismissal.

The district court, relying upon Florida law, dismissed appellants claims, stating that the releases in the settlement agreement barred appellants' claims. The district court held that Florida law requires a party bringing a fraudulent inducement claim to choose between an equitable or legal remedy. The district court further held that because appellants elected the legal remedy for damages instead of the equitable remedy of recission (which would have required appellants to tender back the settlement proceeds), appellants ratified the settlement

5

agreement which released all claims against Dupont and therefore barred the action. Appellants sought leave to amend their complaints to include a claim for recission, and the district court ruled that their right of appeal had terminated pursuant to Federal Rule of Civil Procedure 15(a) because the district court's dismissal was with prejudice.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF FLORIDA, PURSUANT TO SECTION 25.031, FLORIDA STATUTES, AND RULE 9.150, FLORIDA RULES OF APPELLATE PROCEDURE.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE

JUSTICES THEREOF:

The United States Court of Appeals for the Eleventh Circuit concludes that these cases involve determinative questions of state law for which no clear, controlling precedents in the decisions of the Supreme Court of Florida appear to exist. A panel of this court in Mazzoni Farms, Inc. v. E.I. Dupont Denemours & Co., 166 F.3d 1162 (11th Cir. 1999), confronted these issues and certified questions to the Supreme Court of Florida. This court therefore consolidates these cases with Mazzoni Farms and certifies these questions to the Supreme Court of Florida for instructions based upon the facts of these cases.

Style of the cases: (1) Foliage Forest, Inc., a Florida corporation, Plaintiff/Appellant, v. E.I .Dupont De Nemours & Co., a Delaware corporation, d.b.a. Dupont, and Crawford & Co., a Georgia corporation, Defendants/Appellees, Case No. 97-5696; (2) Country Joe's Nursery, Inc., a Florida corporation, Plaintiff/Appellant, v. E.I. Dupont De Nemours & Co., a Delaware corporation, d.b.a. Dupont, and Crawford & Co., Defendants/Appellees, No. 97-5697; Castleton Gardens, Inc., a Florida corporation, Plaintiff/Appellant, v. E.I. Dupont De Nemours & Co., a Delaware corporation, d.b.a. Dupont, and Crawford & Co., Defendants/Appellees, No. 97-5698;

6

(3); (4) Palm Beach Greenery, Inc., a Florida corporation, Plaintiff/Appellant, v. E.I. Dupont De Nemours & Co., a Delaware corporation, d.b.a. Dupont, and Crawford & Co., Defendants/Appellees, No. 97-5699; and (5) Morningstar Nursery, Inc., a Florida corporation, Plaintiff/Appellant, v. E.I. Dupont De Nemours & Co., a Delaware corporation, d.b.a. Dupont, and Crawford & Co., Defendants/Appellees, No. 97-5700.

Movant:  Dupont is the movant for purposes of the choice-of-law question, plaintiffs/appellants are the movants for purposes of the substantive question.  See Fla. R. App. P. 9.150(d).

Statement of Facts: We incorporate our statement of facts.

Questions to be Certified to the Supreme Court of Florida:

(1)	DOES A CHOICE-OF-LAW PROVISION IN A SETTLEMENT AGREEMENT CONTROL THE DISPOSITION OF A CLAIM THAT THE AGREEMENT WAS FRAUDULENTLY PROCURED, EVEN IF THERE IS NO ALLEGATION THAT THE CHOICE-OF-LAW PROVISION ITSELF WAS FRAUDULENTLY PROCURED?

(2)	UNDER FLORIDA LAW, DOES THE RELEASE IN THESE SETTLEMENT AGREEMENTS BAR PLAINTIFFS' FRAUDULENT INDUCEMENT CLAIMS?

As usual, our sterile phrasing of the issues need not preclude the Florida Supreme Court from inquiring into the specifics of these cases.  See Dorse v. Armstrong World Ind., Inc., 798 F.2d 1372, 1377-78 (11th Cir. 1986).  We direct the clerk to send the entire record of these cases with this certificate.

**QUESTIONS CERTIFIED.**

7